Dewey, J.
The general principles of law, regulating the duty of common carriers in safely conveying and delivering property committed to their charge, required a delivery of this block of marble to the plaintiff; and if there had been no peculiar circumstances in the present case, affecting the mode and place of delivery; if the servant of the defendants had, of his own suggestion, undertaken to make such delivery at another place than their depot, and in the execution of such purpose had damaged the block; it may be that, for such misconduct of their servant, they would have been responsible, though he acted without particular orders, and in an 'Unusual *515 manner, in the discharge of the duties appertaining to his office.
The counsel on both sides have argued the case very much upon the point of the liability of the defendants for the acts of M’Coy, under the assumption that he was the director :n moving the block from the depot of the defendants, and that it was carried for delivery to the other depot, for his convenience. But the leading error, as it seems to us, in presenting the case to the jury, was in disregarding the facts tending to show that the defendants were excused from all liability of safe transportation and delivery, after the block left their depot.
The duty of the defendants was to transport the article, and deliver it at their depot. But this duty may be modified as to the manner of its performance. The omission of the defendants to remove goods from the cars, and place them in the warehouse, or upon the platform, would not. in all cases, subject them to an action for non-delivery, or for negligence in the delivery. Suppose a bale of goods was transported by them, and, on its arrival at the depot, the owner should step into the car and ask for a delivery there, and thereupon the goods should be passed over to him, in the car. The delivery would be perfect; and if any casualty should subsequently occur, in taking out the bale, the loss would be his The place and manner of delivery may always be varied with the assent of the owner of the property ,• and if he interferes to control or direct in the matter, he assumes the responsibility.
The real question in this case is this : Were the defendants discharged from further liability for the" safe transportation and delivery of the block, after it left their depot ? It seems to us that there was evidence tending to show this. Had the plaintiff been personally present at the depot, and done the same acts that Lamb did, we suppose no one would doubt that the defendants would have been discharged from all further liability, after the block left their depot. The whole then turns upon the extent of Lamb’s agency, and the effect to be given to his acts, in reference to the delivery. As to this point, we think there was an omission, or want of precise direction, in the charge of the presiding judge.
*516 The court are of opinion that the jury ought to have been instructed as to the effect of the acts of Lamb, as follows: 1st. That if Lamb was authorized and employed by the plaintiff to take and receive the delivery of the block, which, being of unusual size and weight, required peculiar care and attention to deliver; and if he was the authorized agent of the plaintiff to do all acts incident to the delivery and transportation of the block; and if Lamb, instead of receiving the block at the depot of the defendants, requested their agent for de'ivery to permit the car containing the block to be hauled to the Boston and Worcester Rail Road derrick, and if Lamb requested the use of that derrick for the purpose of removing the block from the car to his truck; then these acts, being incident to the delivery of the block, were acts within the authority conferred on Lamb by the plaintiff, and bind him m the same manner as if done by himself. 2d. That if Lamb requested M’Coy to deliver the block, or consent to the delivery thereof, in this mode, instead of delivering the same at the defendants’ depot, and with the means there provided, then, from the time the car left the defendants’ depot and premises, and went to the derrick of the Boston and Worcester Rail Road, the defendants ceased to be liable, either for the care and skill of the persons employed, or for the strength and sufficiency of the machinery employed for the purpose; and that the persons employed must be regarded as .the agents of the plaintiff. 3d. That the general duty of the defendants, as common carriers, was to make a true delivery of goods at the usual place, which, in this case, was their own depot at Worcester; but that it was competent for the plaintiff to assent to a delivery elsewhere; that if the plaintiff desired such a special del ivery, to which the agent of the defendants assented, then, from and after the time that the block had gone from the regular place of delivery, with respect to such special delivery the block might be regarded as constructively delivered, so that the defendants were exempted from the duty of making any other or different delivery.
New trial granted.